**In re PRUDENTIAL LINES INC., Debtor.**

**The OFFICIAL COMMITTEE OF UNSE-CURED CREDITORS and Cold Spring Shipping, L.P., Plaintiffs–Appellees,**

v.

**PSS STEAMSHIP COMPANY, INC., Defendant–Appellant.**

**90 Civ. 1262 (RPP), 90 Civ. 1263 (RPP) (Cross–Appeal). Adv. No. 89–6430A.**

United States District Court, S.D. New York.

Sept. 27, 1990.

White & Case by Allan L. Gropper, New York City, for Official Committee of Unsecured Creditors.

Wilmer, Cutler & Pickering by Max O. Truitt, Washington, D.C., for Cold Spring Shipping, L.P.

Battle Fowler by W. Bruce Johnson, New York City, for defendant-appellant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This matter is before the Court on appeal from the December 19, 1989, decision of

the United States Bankruptcy Court for the Southern District of New York (Buschman, J.) permanently enjoining defendant PSS Steamship Company ("PSS") under the automatic stay provision of 11 U.S.C. § 362(a)(3) from claiming a worthless stock deduction under the Internal Revenue Code for its 1988 consolidated tax return. 114 ·B.R. 27. For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.[1]

## BACKGROUND

An involuntary Chapter 11 petition was filed against the debtor Prudential Lines, Inc. ("PLI"), in the Bankruptcy Court on September 12, 1986. PLI continued to operate its business as debtor-in-possession pending reorganization. On October 2, 1989, Cold Spring Shipping ("Cold Spring") and The Official Committee of Unsecured Creditors ("The Official Committee") filed a Second Amended Joint Plan of Reorganization ("the Plan") with the bankruptcy court. A confirmation hearing on the proposed Plan was scheduled at the time this action was commenced.

The Plan basically provided that unsecured creditors were to receive $10 million in notes due five years after issuance and bearing 12.5% interest. Payment on the notes was to be funded at least in part by cash flow generated by continued operation of PLI's business. Cash flow was to be made available for this purpose by using PLI's $74 million in net operating losses ("NOL") as a carryforward in 1989 to reduce tax liabilities on the cash flow income. The Plan also provided for cancellation of certain outstanding stock of PLI.

In December 1987, Congress enacted a new § 382(g)(4)(D) of the Internal Revenue Code, 26 U.S.C. § 382(g)(4)(D), which eliminates most or all of a subsidiary's use of NOL in the year following the year in which its parent takes a worthless stock deduction for the subsidiary's stock. Defendant PSS is a parent holding company which owns all of the outstanding stock of the Chapter 11 debtor PLI subject to cancellation under the Plan. PSS sought to claim a worthless stock deduction for the year 1988 thereby eliminating PLI's NOL as a carryforward in 1989 should the Plan have been confirmed in that year.[2]

Plaintiffs thus moved the Bankruptcy Court on November 13, 1989, for preliminary injunctive relief preventing PSS from claiming a worthless stock deduction with respect to the PLI. stock in any tax year prior to the year in which confirmation of a reorganization plan for PLI issued. The Court granted the relief on the grounds that the right to carry forward a NOL was exclusive "property" of the bankruptcy estate under 11 U.S.C. § 541(a) and that a parent company's claiming a worthless stock deduction of its debtor-subsidiary was an act seeking "to exercise control over property of the estate" in violation of the automatic stay imposed by 11 U.S.C. § 362(a)(3).

The Plan was confirmed by order dated December 15, 1989. Appellees were then successful in a motion to convert the December 4 preliminary injunction into a permanent injunction on December 19, 1989. It is that decision of the Bankruptcy Court from which appeal is taken.

## DECISION BELOW

The Bankruptcy Court adjudged the two issues presented to be "issues of first im-

1. Because the Court affirms the Bankruptcy Court's application of § 362, the Court denies without prejudice the cross-appeal of The Official Committee and Cold Spring alleging errors by the Bankruptcy Court in applying state law.

2. Members of the extended Skouras family control PSS through a series of holding companies and trusts. Spyros Skouras was chief executive officer and director of both PLI and PSS until he resigned in November 1989 from his positions at PLI. His son, Spyros Skouras, Jr., remains as an officer and director of the debtor PLI. The Reorganization Plan proposed *inter alia* removal of Spyros Skouras from management of PLI and cancellation of the PLI stock held by PSS. An earlier reorganization plan contemplating the continuation of Skouras management and control of PLI and utilization of the NOL as a carryforward in 1989 was approved by the debtor but not the creditors. Only after creditors formulated the present reorganization plan did PSS claim the right to take a worthless stock deduction for the year 1988.

pression" in this district. 107 B.R. 832, 836. The court relied on *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), which held that potential claims for NOL carryback refunds due to pre-bankruptcy losses are property of the bankruptcy estate. Congress endorsed the result in *Segal* when it amended the Bankruptcy Code. H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 367, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6323. Applying *Segal,* the court saw no reason to distinguish NOL carryovers from NOL carrybacks with respect to a corporate debtor. Because the carryover was "property" of PLI's bankruptcy estate, the Bankruptcy Court held that the statutory scheme underlying Chapter 11 of the Bankruptcy Code would be defeated if PSS were permitted, post-confirmation, to claim a worthless stock deduction for 1988, eliminating PLI's NOL carryover as of 1988. The Bankruptcy Court enjoined PSS from taking the deduction for 1988 since the effect would relate back to a period covered by the automatic stay of 11 U.S.C. § 362.

## DISCUSSION

■ Appellants seek to distinguish *Segal* on the grounds that NOL carrybacks only become property under § 541(a) when they have ripened into right to a refund from the I.R.S. at the time of the bankruptcy filing. This Court disagrees. The legislative history of § 541(a) makes clear that the definition of property "will bring anything of value that the debtors have into the estate," H.R.Rep., *supra,* at 176, 1978 U.S. Code Cong. & Admin. News at 6136, including "tangible and intangible property ... whether or not transferrable by the debtor." *Id.* at 175–76, 1978 U.S.Code Cong. & Admin.News at 6136. The right to use a NOL carryover to obtain favorable tax treatment is of value to an ongoing business and is certainly something of value to the debtor as part of a reorganization plan. When creditors go unpaid due to the very losses giving rise to the NOL, they ought to be able to realize the value of a NOL carryover as property of the bank-

ruptcy estate upon reorganization. The tax cases cited by appellants are inapposite.

■ Similarly, the Bankruptcy Court did not err as a matter of law in ruling that PSS's claiming a worthless stock deduction would violate the automatic stay imposed by 11 U.S.C. § 362. The scope of protection afforded by the automatic stay provision is broad, *see In re R.S. Pinellas Motel Partnership,* 2 B.R. 113, 118 (Bankr.M.N. Fla.1979), and it bars any action which "would inevitably have an adverse impact on the property of the bankruptcy estate." *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427, 431 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988).

■ Appellant opposes the Bankruptcy Court ruling under § 362 by arguing that since a NOL.is not property of the estate, a parent corporation's claiming a worthless stock deduction which thereby eliminates NOLs of its subsidiary is not an act to "exercise .control over property of the estate" under § 362. This argument is without merit given this Court's ruling on the property issue.

■ PSS also argues that the broad authorization of relief "necessary or appropriate to carry out the provisions of this title" in 11 U.S.C. § 105 does not permit extension of § 362 relief beyond the date of confirmation of a reorganization plan. However, the Bankruptcy Court has authority to permanently enjoin actions by third parties which "would adversely affect property of the estate and would interfere with reorganization." *MacArthur Co. v. Johns–Manville Corp.,* 837 F.2d 89, 93 (2d Cir.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988). The permissible scope of relief implementing § 362(a)(3) is guided by the provision's underlying congressional purposes of preventing dismemberment of the estate and assuring orderly distribution. *See* H.R.Rep., *supra,* at 341, 1978 U.S.Code Cong. & Admin.News at 6297. PSS remains free to claim the worthless stock deduction for years after 1988.

For the foregoing reasons, the December 19, 1989, decision of the Bankruptcy Court issuing a permanent injunction is affirmed.

SO ORDERED.